Jones, Oliver B., J.
The contract under which plaintiffs were employed by defendant, as real estate agents'to sell his house and lot, bound defendant to pay them a commission of two per cent, on the gross amount of such sale, if said property was sold during the period fixed in said contract. Plaintiffs found a party who in anticipation of signing a contract for the purchase of said real estate made a payment of fifty dollars as earnest money to defendant and took his receipt for same. Afterwards said intended purchaser changed his mind and refused to sign the contract for purchase or to complete the purchase. He had, however, signed a duplicate of the receipt for the earnest money which had been paid, which duplicate receipt was retained by defendant, and which is in the following words:
“Cin. O.
, “March 6-11.
“Received from August F. Nolte the sum of Fifty dollars as part payment or earnest money on property belonging to John F. Parchmann at 4433 Colerain ave, Gin O. valued at Two thousand five hundred and fifty dollars $2550.00. Balance due Two thousand five hundred dollars. $2500.00
“(Signed) “John F. Parchmann “August F. Nolte”
It is contended this is a sufficient contract to bind the purchaser. In the opinion of the court this receipt is not such a memorandum of the agreement between the parties as is required un *166 der the statute of frauds, Section 8621, General Code. A contract under the statute of frauds is “not sufficient unless it contains the essential terms of the agreement expressed with such clearness and certainty that they may be understood from the memorandum itself or some other writing to which it refers, without the necessity of resorting to parol proof.” Kling, Admr., v. Bordner, 65 Ohio St., 86.
This receipt expresses no contract for purchase except by implication. It fixes no terms whatever in regard to the sale beyond the mere naming of the price and identifying the property, nor was it intended by the parties to embody such terms or to operate as a contract, it having been agreed that a written contract would be prepared by the real estate agent and signed on the evening after this payment.
No sale was effected, and no enforceable contract was procured,, and plaintiffs therefore were not entitled to recover under the terms of their contract with defendant. Pfantz v. Humberg, 82 Ohio St., 1.

Judgment affirmed.

Jones, E. H., P. J., and Gorman, J., concur.