KNEPPER v BUNK et

Ohio Appeals, 6th Dist, Lucas Co
No 2275. Decided Feb. 3, 1930

Powell & Starritt, Toledo, for Knepper.
F. J. Szumigala, Toledo, for Bunk, et.

**LLOYD, J.**

Mr. Knepper testified, and it is undisputed, that the only written contract entered into by any of the parties was that above quoted and that no other written contract with defendants had been made by him, and it will be observed that his petition so alleges. The evidence contained in the bill of exceptions shows that the case was tried on the theory that plaintiff was entitled to a verdict unless proof of one or the other of the two affirmative defenses pleaded in the answer of defendants precluded a recovery and the briefs of counsel also proceed on this theory.

The written contract pleaded in the petition and hereinbefore quoted was apparently by oversight not formally offered in evidence, but since it was produced at the trial and witnesses were examined in relation to it without objection as to its admissability, the court was justified in regarding it as evidence.

**Bevington vs. State, 2 Ohio St., 161.**

After examining the record, this court concludes that the judgment of the court of common pleas is correct for the reason that the written agreement pleaded and proved is not in any sense such an agreement or memorandum in writing as will permit a recovery by plaintiff on the claim made by him in his petition. It does not purport to be a contract between Knepper and the Bunks, nor between Knepper and the Boldts. It is apparently written on a letterhead of plaintiff, but his name is nowhere mentioned in the contract, except as a witness, nor does it state to whom or for what the "5% commission" is to be paid. Assuming that there was an existing contract between plaintiff and defendants, as plaintiff claims, its character, conditions and purposes were ascertainable only by resort to oral evidence. As to whether the commission was based upon the sale price of the property owned by one or both of the parties, or was to be paid when a purchaser was procured or when the exchange of properties or a sale was consummated, the written contract relied upon is silent, and only by inference or speculation can one deduce therefrom what, if any, interest plaintiff had therein.

Section 8621, GC, provides that
(Here follows quotation)
Clearly the writing in question does not fulfil the requirements of the foregoing section.

**Kling, Admr. vs. Bordner, 65 Ohio St., 86, 99;**

**Laudt Realty Co. vs. Parchman, 29 O. C. A., 63; 7 Ohio App., 164;**

**Foldenauer vs. Leibold, 28 O. L. R., 147;**

**Grafton vs. Cummings, 99 U. S., 100.**

The judgment of the court of common pleas is therefore affirmed.

Williams and Richards, JJ., concur.