OPINION
By WASHBURN, PJ.
Ada McGuire brought an action against her former husband, Alvah PI. Ellerbrock, to recover upon a contract entered into by said parties while they were husband and wife, wherein they agreed that, because they were no longer able to live in peace and harmony as husband and wife, they would separate, and wherein they made a complete settlement of all property rights arising out of their marital relation.
In said agreement it was provided that the defendant should pay to the plaintiff $750, of which $250 should be paid upon the signing of the agreement, and the balance at the rate of $10 a week, without interest; and the defendant agreed to turn over to the plaintiff all of the furniture and household goods and equipment which she brought into their home after their marriage.
Plaintiff agreed that she would accept such sum in full of all claims against the defendant growing out of such marital relationship.
It was further agreed that, if a divorce should be sought by either party, no alimony other than that mentioned in the contract should be asked for or accepted by the other, and in the subsequent divorce of the parties no mention was made of the subject of alimony.
The down payment of $250 was made, and nine weekly payments according to the terms of the contract were also made, and nothing further was paid.
The original petition in the Municipal Court of Akron pleaded said contract and asked for judgment in the amount of the monthly payments then in arrears; and before the case was tried, a petition was filed in a separate suit, asking *372 judgment for the arrearages accruing after the filing of the original suit and up to the time of the second suit.
The defendant in his answers admitted the execution of the agreement and the extent of the payments thereunder, and alleged that plaintiff agreed, in said eon-'tract, that “as in consideration for the payment of the money, * * * she would leave the home in which she was then living, and * * * take .therefrom only such articles as she took into the home,” and that the plaintiff, when she left, took ,household goods and personal effects belonging to the defendant and which the plaintiff had not brought into the home, which articles she refused to return and which in value exceeded the balance due under said contract, and asked that the petitions, be dismissed at plaintiff’s costs.
Both of the actions were, by agreement, tried as one action, to a judge of the court without a jury, and resulted in judgments for the plaintiff for the full amounts claimed.
The defendant appealed said causes to the Court of Common Pleas on questions of law, and that court found that the Municipal Court erred in refusing to grant new trials to the defendant, and remanded the causes to the Municipal Court. The defendant gave notice of appeal to the Court of Appeals on questions of law in each case.
In the written finding made by the judge of the Common Pleas Court who heard the appeals to that court, it was stated that the Municipal Court erred in refusing to grant new trials for the reason thar the court never admitted in evidence “Exhibit A,” which was the contract in question, and that the judgments were manifestly against the weight of the evidence even if the contract had been admitted in evidence; and 'in this court it is urged that said contract, not having been formally offered in evidence, could not properly be considered by the Municipal Court in disposing of the cases.
The bill of exceptions discloses not only that the contract was pleaded in the petitions and admitted in the answers, but that, at the. trial, the contract was exhibited to the defendant, who was called as the first witness for cross-examination, and that he admitted signing the same and his failure to comply with the contract. The bill of exceptions further shows that the contract was marked “Plaintiff’s Exhibit A,” and that upon cross-examination of the plaintiff the contract marked “Plaintiff’s Exhibit A” was shown to her and that she admitted that she signed it at the time indicated in the contract.
It is apparent from the pleadings that both parties relied upon said contract in support of their respective claims made in the pleadings, and that no objection was made by either party to the evidence concerning the contract.
Under such circumstances it was not error to regard the contract as in evidence.
“When an instrument in writing is produced by a party on trial, as evidence, and witnesses are examined in relation to it, without objection to its admissibility from the other side, it is not error for the court to regard it as in evidence, although not formally offered and read by the party producing it.”
Bevington v State of Ohio, 2 Oh St 160.
The above statement of the law *373 was approved and applied in Zieverink, et al., v Kemper, Recr., 50 Oh St 208, at p. 220, and likewise in the case of Knepper v Bunk, 8 Abs 245.
In the brief of the defendant it is also claimed that the petitions in these cases did not state a cause of action because no consideration ■for the contract was pleaded.
A complete answer to that contention is that, in the answers of the defendant, it was specifically pleaded that the plaintiff “promised and agreed, as in consideration for the payment of the money,” that she would do certain things, which the answers further alleged she had not done, and that she had thereby breached the contract.
Where a defendant in his answer admits a consideration for the contract sued up.on, he cannot complain of a claimed defect in the petition relating to failure to plead a consideration.
We have carefully read and considered the entire record in these cases, and are clearly of the opinion that the finding of the Municipal Court in favor of the plaintiff and against the defendant is not against the weight of the evidence, and that the Common Pleas Court erred in finding to the contrary and reversing the judgments of the Municipal Court.
The judgments of the Common Pleas Court are reversed, and the judgments of the Municipal Court are affirmed, and the causes are remanded to the Municipal Court for execution.
DOYLE, J., & STEVENS, J., concur.